Filed 12/13/21  Miles v. Superior Court CA5
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JIMMY LEE MILES,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF FRESNO COUNTY,<br><br>Respondent;<br><br>THE PEOPLE,<br><br>Real Party in Interest. | F082682<br><br>(Super. Ct. No. CF86342840)<br><br><br>**OPINION** |

## THE COURT[*]

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Kristi Culver Kapetan, Judge.

Jimmy Lee Miles, in pro. per.; and Byron C. Lichstein, under appointment by the Court of Appeal, for Petitioner.

No appearance for Respondent.

Rob Bonta, Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Catherine Chatman and Erin Doering, Deputy Attorneys General, for Real Party in Interest.

-ooOoo-

---

[*]  Before Levy, Acting P.J., Franson, J. and Meehan, J.

# INTRODUCTION

Petitioner Jimmy Lee Miles has filed various petitions in this court and the California Supreme Court claiming that respondent, the Fresno County Superior Court, erroneously denied his request to take judicial notice of certain documents for his eventual youth parole eligibility hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).

On August 25, 2021, the California Supreme Court issued an order, in part, for respondent superior court to show cause (returnable before this court) why a writ of mandate should not issue directing respondent to preserve for future parole eligibility consideration an appropriate copy of a report from the Department of Mental Health, Atascadero State Prison, dated December 11, 1984. This report is known as "the 'Periodic Evaluation [of Petitioner]' " (the Periodic Evaluation).

In its written return filed in this court, the People (real party in interest) concede it is appropriate for respondent superior court to preserve the Periodic Evaluation. We agree with that concession. We issue a preemptory writ of mandate directing respondent to preserve, for consideration by the Board of Parole Hearings (the Board), an appropriate copy of the Periodic Evaluation.

# BACKGROUND

Miles is a prisoner serving an indeterminate term of life with the possibility of parole. Convicted and sentenced in 1986, he has been incarcerated since that time. Miles committed the underlying offense at the age of 23. (*In re Miles* (Dec. 17, 2020, F078091) [nonpub. opn.].)

In April 2018, Miles petitioned respondent superior court for a writ of habeas corpus. He sought relief in the form of a *Franklin* proceeding to have an opportunity to make a record of information relevant to his eventual youth offender parole hearing. In August 2018, respondent granted the petition. The District Attorney then appealed to this

court, claiming that such a petition was procedurally improper. (*In re Miles*, *supra*, F078091.)

While that appeal was pending, the California Supreme Court decided *In re Cook* (2019) 7 Cal.5th 439 (*Cook*).[1] In light of *Cook*, we reversed the superior court's order granting the petition, but without prejudice to Miles's ability to obtain the same relief under Penal Code section 1203.01[2] and *Cook*, *supra*, 7 Cal.5th 439. We remanded for respondent superior court to consider whether to construe the petition for habeas corpus (and related briefings) as a motion pursuant to section 1203.01 and *Cook*, or whether Miles was required to file a new motion to obtain relief under these authorities. (*In re Miles*, *supra*, F078091.)

Following remand, the superior court elected to construe the petition for habeas corpus as a motion under the authority of section 1203.01. In March 2021, respondent superior court denied a request for judicial notice which Miles had filed. The request for judicial notice involved certain documents, including the Periodic Evaluation.[3]

On April 12, 2021, Miles filed a petition for writ of mandate/prohibition in the California Supreme Court.

---

[1] *Cook* holds that in "cases with final judgments, [Penal Code] section 1203.01 gives the trial court authority to conduct an evidence preservation proceeding as envisioned in *Franklin*." (*Cook*, *supra*, 7 Cal.5th at p. 452.) "The purpose of [Penal Code] section 1203.01 parallels that of a *Franklin* proceeding." (*Id.* at p. 453.) Penal Code section 1203.01 gives a sentenced prisoner whose conviction is final "a plain, speedy, and adequate remedy at law that makes resort to habeas corpus unnecessary, at least in the first instance. [Citations.]" (*Cook*, at p. 452.) "In fact, [Penal Code] section 1203.01's framework provides a more flexible, efficient, and suitable means of collecting information for the benefit of the Board than the rigid requirements of habeas corpus." (*Id.* at p. 456.) Therefore, a habeas corpus petition filed for the purpose of obtaining a *Franklin* proceeding should be denied unless the remedies available under [Penal Code] section 1203.01 have already been pursued and exhausted. (*Cook*, at pp. 452, 458, fn. 6.)

[2] All future statutory references are to the Penal Code unless otherwise noted.

[3] The remaining documents that comprised the request for judicial notice consisted of letters from and to Miles's legal counsel, and a letter from Miles to the superior court.

On April 21, 2021, the Supreme Court transferred the matter to this court. That same day, Miles's petition for writ of mandate/prohibition was filed in this court.

On June 17, 2021, we summarily denied Miles's petition for writ of mandate/prohibition.

On July 2, 2021, Miles filed both a petition for review and a petition for writ of habeas corpus in the California Supreme Court.

On August 25, 2021, the Supreme Court granted the petition for review. It transferred this matter to this court with direction for us to vacate our order denying mandate and "to issue an order directing the respondent superior court to show cause why a writ of mandate should not issue, directing respondent to preserve, for consideration by [the Board], an appropriate copy" of the Periodic Evaluation.

On September 2, 2021, we vacated our order denying Miles's petition for writ of mandate. Real party in interest, the People, were directed to file a written return.

On September 23, 2021, the People filed its return, conceding that Miles was entitled to the relief requested. We now turn to the merits.

### DISCUSSION

**I. We Grant The People's Request For Judicial Notice.**

On September 23, 2021, the People filed in this court a request for judicial notice. The request asks us to judicially notice the docket in Fresno County Superior Court case No. CF86342840. That same day, the People lodged with this court a copy of the docket from the Fresno County Superior Court case referenced above.

On September 27, 2021, this court issued an order deferring a ruling on the People's request for judicial notice pending consideration of this matter on the merits. Miles was granted 15 days' leave to file an informal response to this request. The order informed Miles that a failure to file a response "may be deemed agreement real party in interest's request be granted."

Miles did not file a response addressing this request for judicial notice.

4.

We hereby grant the People's request for judicial notice. We judicially notice the docket in Fresno County Superior Court case No. CF86342840. (Evid. Code, § 452, subd. (d) [judicial notice may be taken of records of any court of California].)

## II. We Issue A Preemptory Writ For Respondent Superior Court To Preserve The Periodic Evaluation For Miles's Eventual Youth Offender Parole Eligibility Hearing.

Based on his age when his crimes occurred, Miles is eligible for a youth offender parole eligibility hearing under section 3051. Such a hearing is conducted by the Board "for the purpose of reviewing the parole suitability of any prisoner who was 25 years of age or younger … at the time of [his or her] controlling offense." (§ 3051, subd. (a)(1).) " 'Controlling offense' means the offense or enhancement for which any sentencing court imposed the longest term of imprisonment." (*Id.*, subd. (a)(2)(B).) Among other factors, the Board must "take into consideration the diminished culpability of youth as compared to that of adults, the hallmark features of youth, and any subsequent growth and increased maturity of the individual." (*Id.*, subd. (f)(1).)

As explained in *Franklin*, *supra*, 63 Cal.4th 261, a person who meets the eligibility requirements of section 3051 must be given a "sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing." (*Franklin*, *supra*, at p. 284.) Relevant "youth-related factors" include the prisoner's "cognitive ability, character, and social and family background at the time of the offense." (*Id.* at p. 269.) The term "*Franklin* hearing" is often used in reference to the marshalling and preservation of such evidence, but the California Supreme Court has advised that the "*Franklin* processes are more properly called 'proceedings' rather than 'hearings.' " (*Cook*, *supra*, 7 Cal.5th at pp. 449–450, fn. 3.) "A *Franklin* proceeding gives 'an opportunity for the parties to make an accurate record of the juvenile offender's characteristics and circumstances at the time of the offense so that the Board, years later, may properly discharge its obligation to "give great weight to" youth-related factors

[citation] in determining whether the offender is "fit to rejoin society" ….' [Citation.]" (*Id.* at p. 449, quoting *Franklin*, *supra*, at p. 284.)

The People concede that the Periodic Evaluation will assist the Board in assessing Miles's cognitive ability, his character, and his social and familial background at the time of his offense. We agree. The Periodic Evaluation details that, as of 1984, Miles had suffered from generalized "mental illness" for over a decade prior to the commission of his crimes. The Periodic Evaluation also includes a summary of Miles's history with alcohol and drugs, his family background, and his claims of auditory hallucinations.

As the People note, it appears very likely the Board will find this information relevant and helpful when determining whether Miles is fit to rejoin society. The Periodic Evaluation provides details about Miles's "characteristics and circumstances" at the time of his offense. (See *Franklin*, *supra*, 63 Cal.4th at p. 283.)

We agree with the People that Miles is entitled to appropriate relief. (See Code Civ. Proc., § 1085, subd. (a).) Accordingly, respondent superior court shall preserve the Periodic Evaluation for Miles's eventual youth offender parole hearing. A preemptory writ of mandate is proper and should issue. (See Code Civ. Proc., § 1088.)

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court to preserve an appropriate copy of the Periodic Evaluation for Miles's future parole eligibility consideration.